accumulating water-front property near the mouth of the Mobile River. Their holdings by 1909 totaled 28 acres. For some five or six years the title to all of the water-front property in Mobile was involved in litigation, which was finally terminated in 1906 by the decision of the Supreme Court of the State of Alabama in the case of *Mobile Docks Co.* v. *City of Mobile*, 146 Ala. 198.

The water-front property was acquired and the corporation was organized for the purpose of constructing a very large shipping terminal, consisting of slips and docks for ocean-going vessels, warehouses, and railroad tracks connecting with those of the Louisville & Nashville Railroad and the Gulf, Mobile & Northern Railroad. The tract acquired by the taxpayer, by reason of its location on the river, its frontage thereon, and proximity to the railroads, was especially well adapted to the use for which it was acquired.

The entire authorized capital stock was exchanged in 1909 for the 28 acres of land, and shortly thereafter the corporation perfected its plans for its slips, docks, etc., and negotiated a bond issue of $250,000. The actual construction work was started immediately thereafter.

The stockholders at the time of the exchange of the property for stock placed on the property a value of $600,000. This valuation was approximately 50 cents per square foot. There were no sales of similar property within two years before or after the exchange. In 1906 three similar pieces were sold, one at 68, one at 94, and one at 49 cents per square foot. The next sale was in 1915, at the rate of 68 cents per square foot. The next was in 1916, at the rate of 94 cents per square foot. In 1909 a small tract adjoining the railroad tracks, but having no water frontage, sold for 38 cents per square foot. In 1910, at which time the company had expended approximately $200,000 in construction work, it rejected an offer of $850,000 and refused to give an option to purchase at $1,000,000.

The assets which the petitioner acquired in exchange for its stock of the par value of $200,000 had an actual cash value of $600,000 at the time of the exchange.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 10 days' notice, under Rule 50.

---

### APPEAL OF THOMAS CUSACK CO.

Docket No. 1987.    Submitted July 9, 1925.    Decided February 17, 1926.

*Camden R. McAtee, Esq.*, for the taxpayer.
*A. R. Marrs, Esq.*, for the Commissioner.

Before STERNHAGEN, GREEN, and LOVE.

The taxpayer appeals from the determination of deficiencies in income taxes for the years 1918 and 1919 in the amounts of $110.74 and $1,162.98, respectively. It is alleged that the Commissioner erroneously excluded from invested capital two items: First, good will $40,000; and second, franchise $40,000. There is no evidence in the record as to the value of the franchise.

From the allegations of the petition which were admitted by the amended answer, or by the Solicitor at the hearing, we make the following

#### FINDINGS OF FACT.

The taxpayer is a Kentucky corporation, with its principal office at Louisville, engaged in the business of outdoor advertising. The present company is the successor of Louisville Gunning System. When the last-named company was reorganized on September 1, 1906, its assets were acquired by the taxpayer for stock, and at the same time the taxpayer assumed and agreed to pay certain liabilities of the old corporation, the most important of which was an obligation to the stockholders incurred by the declaration of a dividend. The amount of the payment made on account of the dividend was credited to the good-will account. The assets acquired consisted of good will, franchise, bulletin plant, and wall plant. The actual cash value of the good will thus acquired in exchange for stock was $40,000, and stock of the par value of that amount was exchanged therefor.

#### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 10 days' notice, in accordance with Rule 50.

---

### APPEAL OF CROWELL & LITTLE CONSTRUCTION CO.

Docket No. 3658. Submitted November 21, 1925. Decided February 17, 1926.

*Edward T. Quigley, Esq.*, for the taxpayer.
*A. H. Murray, Esq.*, for the Commissioner.

Before MARQUETTE, MORRIS, GREEN, and LOVE.

This is an appeal from the determination of a deficiency of $14,906.86 in income and profits taxes for the calendar year 1920, of which $5,412.83 is in controversy. The question involved is the de-